Submitted August 2, affirmed December 7, 2011, petition for review denied May 3, 2012 (352 Or 25)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**BRUCE OZELL GLASS, JR.,**
aka Bruce Ozelle Glass, Jr.,
*Defendant-Appellant.*

Multnomah County Circuit Court
080934162; A143965

268 P3d 689

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Justice J. Rillera, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted of several drug-related offenses, raises various challenges to his convictions, most of which we reject without discussion. We write to briefly discuss defendant's argument that his right to confront witnesses under the Sixth Amendment to the United States Constitution was violated by the admission into evidence of a laboratory report indicating that a substance seized from defendant was cocaine. *See Melendez-Diaz v. Massachusetts*, 557 US 305, 129 S Ct 2527, 174 L Ed 2d 314 (2009) (explaining the Sixth Amendment right to confront witnesses who prepare laboratory reports for use in criminal prosecutions).

In this case, the state gave defendant timely notice before trial that it intended to introduce the laboratory report. It is undisputed that defendant did not utilize the provisions of ORS 475.235 to object to the admissibility of that report. ORS 475.235(5) provides:

> "If the defendant intends to object at trial to the admission of a certified copy of an analytical report as provided in subsection (4) of this section, not less than 15 days prior to trial the defendant shall file written notice of the objection with the court and serve a copy on the district attorney."

Further, ORS 475.235(4) provides, in pertinent part, that a certified copy of an analytical report regarding the analysis of a controlled substance "shall be admitted as prima facie evidence of the results of the analytical findings unless the defendant has provided notice of an objection in accordance with subsection (5) of this section." Thus, if a defendant raises a timely objection to the admission of the report, the prosecutor may then arrange for the testimony of the report's author to be presented at trial.

Defendant argued in the trial court, and asserts on appeal, that the provisions of ORS 475.235(4) and (5) unconstitutionally shift the burden to defendant by requiring defendant, rather than the state, to secure the testimony of a state's witness. That argument was addressed—and rejected—by the Court in *Melendez-Diaz*.

As noted, in *Melendez-Diaz*, the Court concluded that a criminal defendant had the right to confront an analyst who prepared a laboratory report concerning drugs. In doing so, the Court rejected the State of Massachusetts' argument that there was no Confrontation Clause violation because, should the defendant wish to subpoena the author of the report, he had the ability to do so. The Court noted that "the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court." 557 US at ___ , 129 S Ct at 2540.

Relying on that statement, defendant argues that ORS 475.235 relieves the state of its burden and thus runs afoul of the rule of law announced in *Melendez-Diaz*. The Court, however, did not end its discussion of the matter at that point. It continued:

> "[T]he dissent believes that those state statutes 'requiring the defendant to give early notice of his intent to confront the analyst,' are 'burden-shifting statutes [that] may be invalidated by the Court's reasoning.' [557 US at ___ , 129 S Ct at 2554, 2556-58 (Kennedy, J., dissenting)]. That is not so. In their simplest form, notice-and-demand statutes require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial. Contrary to the dissent's perception, these statutes shift no burden whatever. The defendant *always* has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the *time* within which he must do so. States are free to adopt procedural rules governing objections."

*Id.* at ___ , 129 S Ct at 2541 (emphases in original; some citations omitted).

ORS 475.235 is precisely the type of notice-and-demand statute of which the Court explicitly approved in *Melendez-Diaz*. Accordingly, defendant is incorrect that its requirement that he raise his objection before trial violates the Confrontation Clause.

Affirmed.