***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted June 2, 2022, reversed and remanded with instructions to allow petitioner's claims 12(8) and (10) and to return the matter to the trial court to amend the judgment by merging Counts 5 and 6, and for resentencing, otherwise affirmed August 30, 2023, petition for review denied January 12, 2024  (371 Or 825)

VYRON GREEN,
*Petitioner-Appellant,*

*v.*

Brandon KELLY,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
18CV22152; A175365

Patricia A. Sullivan, Senior Judge.

Jason E. Thompson argued the cause for appellant. Also on the brief was Thompson Law, LLC.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded with instructions to allow petitioner's claims 12(8) and (10) and to return the matter to the trial court to amend the judgment by merging Counts 5 and 6, and for resentencing, otherwise affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that granted in part and denied in part his petition for post-conviction relief. In a single assignment of error, petitioner contends that the post-conviction court erred in 12 respects.[1] We address each argument below, and reverse and remand only on his sentencing arguments regarding Counts 5 and 6. We otherwise affirm.

All of petitioner's arguments relate to claims regarding the adequacy of his representation by trial and appellate counsel. Under Article I, section 11, of the Oregon Constitution, a criminal defendant has the right to adequate counsel. *Farmer v. Premo*, 363 Or 679, 690, 427 P3d 170 (2018). "Similarly, the Sixth Amendment to the United States Constitution guarantees the right to 'effective' assistance of counsel." *Sparks v. Premo*, 289 Or App 159, 168, 408 P3d 276 (2017), *rev den*, 363 Or 119, *cert den*, ___ US ___, 139 S Ct 569 (2018) (quoting *Strickland v. Washington*, 466 US 668, 688, 104 S Ct 2052, 80 L Ed 2d 674 (1984)). The standards for assessing the performance of counsel under both constitutions are "functionally equivalent." *Johnson v. Premo*, 361 Or 688, 699, 339 P3d 431 (2017). To be entitled to post-conviction relief based on a claim of inadequate assistance of counsel under Article I, section 11, a petitioner must prove two elements: first, that trial counsel failed to exercise reasonable professional skill and judgment, and second, that the petitioner suffered prejudice from counsel's inadequacy. *Id*. Similarly, to prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, petitioner must demonstrate that counsel provided constitutionally deficient representation which prejudiced him. *Strickland*, 466 US at 694.

---

[1] We note that petitioner's brief appears to reiterate, nearly verbatim, the arguments made in his trial memorandum to the post-conviction court. He does not explain how the post-conviction court erred in reaching the factual findings and legal conclusions that it did. Indeed, he does not even quote those findings and conclusions. Such a presentation violates ORAP 5.45 in several respects. And, although the failure to follow ORAP 5.45 does not affect our ultimate disposition of the legal issues in the case, it is worth noting that a brief that simply restates arguments made to a lower tribunal does not demonstrate reversible error under the applicable standard of review and does not assist an appellate court in answering the dispositive legal questions.

*First Argument.* Petitioner argues that trial counsel provided inadequate and ineffective representation when he failed to challenge the admissibility of evidence that officers obtained after they arrested and questioned petitioner without first providing *Miranda* warnings. Petitioner bases that argument on the officers' requests to search his phone and his responses to those requests. But a request for consent to search is not an interrogation that requires a *Miranda* warning. *State v. Hudson*, 253 Or App 327, 345-46, 290 P3d 868 (2012), *rev den*, 353 Or 562 (2013). Therefore, the post-conviction court did not err when it determined that a motion to suppress on those grounds would not have been successful and concluded that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Second Argument.* Petitioner argues that trial counsel provided inadequate and ineffective representation when counsel failed to argue that any consent by petitioner to a search of his cell phone was involuntary. On that claim, the post-conviction court found that petitioner was "unable to show that a motion based on Petitioner's consent to search the phone would have been successful" and that "Petitioner is unable to show prejudice." As noted above, petitioner does not explain why those determinations were errors, and after reviewing the record we hold that they were not.

Petitioner's argument depends on a court agreeing with his factual narrative about his encounter with the probation officers. However, both the trial court and the post-conviction court rejected that narrative. Critically, the trial court explicitly found that when petitioner was asked for consent to search his phone he responded, "Go ahead, you won't find anything," rejecting petitioner's testimony that he did not consent to the search. In addition, when the post-conviction court determined that petitioner was "unable to show he would have been successful" in suppressing the evidence on a lack-of-voluntary consent theory, it implicitly rejected petitioner's proffered narrative that the officers' actions demonstrated that any consent was involuntary. Because they are supported by evidence in the record, both the explicit and implicit factual findings are binding on us.

*Waldorf v. Premo,* 301 Or App 572, 573, 457 P3d 298 (2019). And with the facts as found by the post-conviction court, it did not err in determining that any motion to suppress due to involuntary consent would have been unsuccessful and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Third Argument.* Petitioner argues that trial counsel provided inadequate and ineffective representation when he failed to challenge the lack of proof that petitioner "induced" the minor victim to engage in sexually explicit conduct. A defendant induces a child, under ORS 163.670(1), "if the defendant persuades or influences the child to participate or engage in sexually explicit conduct." *State v. Smith*, 261 Or App 665, 674, 322 P3d 1129 (2014), *abrogated in part on other grounds by State v. Parra-Sanchez*, 324 Or App 712, 527 P3d 1008 (2023). At trial, the state introduced evidence that petitioner directed the minor victim to make and send him a sexually explicit video and several sexually explicit photographs and that the victim complied with those directives. Defendant's conduct of directing the victim to take those actions falls within the scope of "persuading or influencing." *See State v. Carey-Martin*, 293 Or App 611, 635, 430 P3d 98 (2018) (so recognizing). The post-conviction court did not err in determining that any challenge to the lack of proof of inducement would have been unsuccessful and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Fourth and Sixth Arguments.* Petitioner argues that trial counsel provided inadequate and ineffective representation when he failed to argue that Counts 4 through 6 were part of the same criminal episode, such that they should merge. The conduct underlying Count 4 occurred several weeks before the conduct underlying Counts 5 and 6, and was not so closely linked in time, place, and circumstance that a complete account of Count 4 could not be related without relating the details of Counts 5 and 6. Therefore, Count 4 did not arise out of the same "act or transaction" as Counts 5 and 6. *See State v. Dent*, 324 Or App 167, 172, 525 P3d 487 (2023). The post-conviction court did not err in determining

that counsel would have been unsuccessful in arguing for merger and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Eighth Argument.* Petitioner argues that appellate counsel provided inadequate and ineffective representation when he failed to argue that the search of petitioner's cell phone was an unlawful search incident to arrest under *Riley v. California*, 573 US 373, 403, 134 S Ct 2473, 189 L Ed 2d 430 (2014). As explained above, the post-conviction court found that petitioner voluntarily consented to a search of his cell phone. The post-conviction court did not err in determining that petitioner's consent provided a valid exception to the warrant requirement and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Ninth and Tenth Arguments.* Petitioner argues that appellate counsel provided inadequate and ineffective representation when he failed to argue that the admission of Craigslist ads that the victim placed, and email correspondence that ensued as a result of the ads, violated defendant's confrontation rights because no one from Craigslist or the victim's email provider testified at trial. Petitioner had the opportunity, pursuant to ORS 136.583(7), to seek the presence at trial of the custodian of records. His failure to do so constituted a waiver of his right to cross-examination. *State v. Glass*, 246 Or App 698, 700-01, 268 P3d 689 (2011), *rev den*, 352 Or 25 (2012) ("notice-and-demand" statutes constitutionally govern the time when defendants must raise Confrontation Clause objections); *see also Bullcoming v. New Mexico*, 564 US 647, 666, 131 S Ct 2705, 180 L Ed 2d 610 (2011) (notice-and-demand procedures render reports admissible while preserving a defendant's ability to call the witness underlying the report); *Melendez-Diaz v. Massachusetts*, 557 US 305, 326-27, 129 S Ct 2527, 174 L Ed 2d 314 (2009) (notice-and-demand procedures permit defendants to assert or forfeit (by silence) their confrontation rights after receiving notice that the state intends to introduce reports at trial). The post-conviction court did not err in determining that a reasonable appellate attorney would not have raised

an argument that had been waived below and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Eleventh Argument.* Petitioner argues that appellate counsel provided inadequate and ineffective representation when he failed to argue that a detective's testimony relaying the victim's statements was inadmissible hearsay because the state had not given petitioner notice as required by OEC 803(18a). The post-conviction court concluded that petitioner's argument failed due to a lack of proof of both parts of the inadequate and ineffective analysis. On appeal, petitioner does not explain why that ruling is legally incorrect, and our review of the record supports it, including the fact that the claim was not preserved at trial and there is no evidence in the record of a lack of notice. The post-conviction court did not err in denying the claim and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Twelfth Argument.* Petitioner argues that appellate counsel provided inadequate and ineffective representation when he failed to argue that ORS 137.172(1) prevented the trial court from announcing the sentence then changing it after taking a recess to review the parties' arguments about whether ORS 137.690 was unconstitutionally cruel and unusual as applied to petitioner. The post-conviction court concluded that petitioner's argument failed due to a lack of proof of both parts of the inadequate and ineffective analysis. On appeal, petitioner does not explain why that ruling was legal error, and our review of the record supports it, including the fact that the argument was unpreserved at trial and petitioner cites no law that prevents a trial court from changing a sentence during a sentencing hearing before the sentence is executed. The post-conviction court did not err in denying the claim and concluding that petitioner did not prove inadequate or ineffective representation under either the state or federal constitution.

*Fifth and Seventh Arguments.* Petitioner argues that trial counsel provided inadequate and ineffective representation when he failed to argue that Counts 5 and 6 arose from the same criminal episode and accordingly

should merge. Petitioner further argues that once merged, the convictions would not support a 25-year sentence under ORS 137.690. The superintendent concedes that the post-conviction court erred by not granting relief in connection with those arguments. The state's concession is well-taken and we accept it. Therefore, we reverse and remand the judgment with instructions to allow petitioner's claims 12(8) and (10) and to return the matter to the trial court to amend the judgment by merging Counts 5 and 6 and resentencing petitioner consistently with the merger of those counts.

Reversed and remanded with instructions to allow petitioner's claims 12(8) and (10) and to return the matter to the trial court to amend the judgment by merging Counts 5 and 6, and for resentencing, otherwise affirmed.